### *UNITED STATES DISTRICT COURT*
### DISTRICT OF ARIZONA

**United States of America**

**v.**

**Christopher James Sadler**

**AMENDED** (to change self-surrender language)
## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

### No.  CR 12-01605-001-PHX-DGC

Bruce E. Blumberg (Retained)
Attorney for Defendant

USM#: 77842-308

**THE DEFENDANT ENTERED A PLEA OF** guilty on 7/1/2013 to Count 3 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE:** violating Title 18, U.S.C. §§ 2252A(a)(5)(B), (b)(2) and 2256, Possession of Child Pornography, a Class C Felony offense, as charged in Count 3 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **SIXTY (60) MONTHS** on Count 3, with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **LIFE** on Count 3.

**IT IS ORDERED** that all remaining counts are dismissed on motion of the United States.

**IT IS FURTHER ORDERED** that defendant's interest in the following property shall be forfeited to the United States: One no name generic desktop tower computer, and WD external hard drive serial number WCAPW0477975, as identified in the plea agreement.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $100.00     **FINE:** waived     **RESTITUTION:** $6,000.00

The defendant shall pay a special assessment of $100.00, which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived. The defendant shall pay restitution to the following victim(s) in the following amounts:

Vicky c/o attorney - $3,000.00

Tara c/o attorney - $3,000.00

The defendant shall pay a total of $6,100.00 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in payments during the term of supervised release and will commence within 60 days after the release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118.  Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 3 of the Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision.  Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address.  The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **LIFE** on Count 3.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 12-13, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions, of particular importance, you shall not commit another federal, state or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner.  The use or possession of medicinal marijuana, even with a physician's written certification, is not permitted.  Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.

11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.

14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.

16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.

17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

2. You shall attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program, as directed by the probation officer. No violation proceedings will arise solely on the result of the polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a violation proceeding. You shall contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

3. You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved in writing by the probation officer.

4.    You shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256 (2). You shall not possess, view, or otherwise use any other material that is sexually stimulating, sexually oriented, or deemed to be inappropriate by the probation officer and/or treatment provider.  You will submit any records requested by the probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide these prohibited materials.

5.    You shall register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by the Court. Failure to comply with registration laws may result in new criminal charges.

6.    You shall submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions. You shall consent and to cooperate with the seizure and removal of any hardware and/or data storage media for further analysis by a law enforcement or the probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct. You shall warn any other residents that the premises may be subject to searches pursuant to this condition.

7.    You shall not be in the company of or have contact with children under the age of 18 without prior approval of the probation officer.  Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party. You shall immediately report any contact to the probation officer.

8.    You are restricted from engaging in any occupation, business, volunteer activity or profession where you have the potential to be alone with children under the age of 18, or with a vulnerable population (i.e. elderly or physically or mentally handicapped) without prior written permission. Acceptable employment shall include a stable, verifiable work location and the probation officer must be granted access to your work site.

9.    You shall not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms or other environment which allows for interaction with others without prior written permission from the probation officer.

10.   You shall not possess or use a computer (including internet capable devices) with access to any "on-line computer service" at any location (including place of employment) without the prior written permission of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system. If you are allowed by the probation officer access to a computer, you will comply with the conditions of the "Computer Use Agreement".

11.   You shall consent, at the direction of the probation officer, to having installed on your computer(s), at your own expense, any hardware or software systems to monitor your computer use.  You shall submit to random computer monitoring as directed by the probation officer, at any time, with or without suspicion you have violated the conditions of supervision.

12.   You shall abstain from all use of alcohol or alcoholic beverages.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

CR 12-01605-001-PHX-DGC                                                    Page 5 of 5
USA vs. Christopher James Sadler

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release.  The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons and directs the defendant to self-surrender for service of sentence at his place of designation or to the U.S. Marshals by 12:00 p.m. on December 30, 2013. The Court further recommends that the defendant be placed in a facility within this region.

Date of Imposition of Sentence:  **Thursday, October 31, 2013**

DATED this 7th day of November, 2013.

_____
Mark W. Bennett
United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____        By:_____
United States Marshal                                                          Deputy Marshal